# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

ZACHARY THOMAS SCRUGGS, )
)
      Plaintiff, )
)
v. )     No. 3:25-cv-00780
)
CHEATHAM COUNTY/MUNICIPAL )
GOVERNMENT OF CHEATHAM )
COUNTY, )
RYAN CREECH, )
)
      Defendants. )

## MEMORANDUM OPINION

Zachary Thomas Scruggs brings this case under 42 U.S.C. § 1983 against Ryan Creech and Cheatham County, Tennessee ("Cheatham County"). (Doc. No. 15). Cheatham County moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 21). The motion will be granted.

Scruggs alleges that, following a vehicle accident, Ryan Creech, a Cheatham County deputy sheriff, used excessive force to arrest him without probable cause. Creech's behavior is preserved in a video in the possession of Cheatham County. (Id. ¶¶ 68–69). The criminal charges against Scruggs were dismissed. (Doc. No. 15 ¶¶ 10–22). Scruggs believes that the Cheatham County Sheriff's Department is responsible for hiring, training, supervising, and disciplining its officers, including Creech. (Id. ¶ 60). He further alleges that Cheatham County had notice of prior incidents involving the discharge of a firearm and the use of a taser that show the County's history of inadequate training and improper use of force. (Id. ¶ 61). As to Creech, Scruggs alleges that it was known within the department that Creech is to be prone to behavioral outbursts or reckless conduct. (Id. ¶ 63).

1

Cheatham County moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, the complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When determining whether the complaint meets this standard, the Court accepts the factual allegations as true, draws all reasonable inferences in the plaintiff's favor, and "takes all of those facts and inferences and determines whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). "While the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions'" or "a formulaic recitation of a cause of action's elements[.]" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To state a claim for municipal liability under § 1983, a plaintiff must plead facts showing that the alleged constitutional violation was caused by a policy or custom of the municipality. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A municipality can be liable only if its policies, practices, or customs were the driving or moving force behind a violation of a plaintiff's federal rights. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell, 436 U.S. at 694). It "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Id.

To proceed against Cheatham County, Scruggs must allege facts that plausibly establish municipal liability under one of the following: (1) the existence of an illegal official policy; (2) a

2

decision by an official with final policymaking authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013). Scruggs does not plausibly allege any of these theories.

First, Scruggs does not identify any official policy, ordinance, or directive adopted by the County that caused the alleged constitutional violation. (Doc. No. 27 at 3). The allegation of a documented history of failure to train officers does not lack the specificity to show an official policy (Doc. No. 15 ¶ 61). Plaintiff summarily alleges, "Cheatham County and its leaders, with deliberate indifference, maintained a custom, pattern, and/or practice of promoting, facilitating and/or condoning improper policies, especially with regard to the use of excessive force." (Id. ¶ 65). "But [this] allegation[] is conclusory — [it is a] legal conclusion[] 'masquerading as factual allegation[]' — and is therefore insufficient to plead a claim." Vittetoe v. Blount Cnty., Tennessee, 861 F. App'x 843, 850 (6th Cir. 2021) (quoting D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014)). The allegation that "it should have been plainly obvious to . . . policy makers that such policies . . . would lead to" violation of constitutional rights assumes without factual support that such a policy exists. (Id. ¶ 67).

Second, Scruggs does not allege that any final policymaker made a decision to ratify or approve Creech's conduct. Scruggs' allegations that the County continued to employ Creech after the incident and possessed video of the events, (id. ¶¶ 68–69), does not alone suggest ratification or approval Brady v. Stone, No. 08-13463, 2010 WL 2870208, at *8 (E.D. Mich. July 21, 2010) (finding that an allegation a municipality continued employment of an officer notwithstanding continued violations of citizens' constitutional rights was insufficient to show the existence of a custom or policy). Furthermore, he does not allege that any official with final policymaking

3

authority actually made a decision adopting or approving Creech's actions before or after arresting Scruggs. Absent such allegations, this theory of municipal liability is not plausibly alleged.

Third, to state a failure-to-train claim, a plaintiff must plead facts showing that the training was inadequate, that the municipality acted with deliberate indifference, and that the deficiency caused the alleged injury. Sweat v. Butler, 90 F.Supp. 3d 773, 780 (W.D. Tenn. 2015) (quoting Regets v. City of Plymouth, 568 Fed. Appx. 380, 394 (6th Cir. 2014)). This requires Scruggs to "show prior instances of unconstitutional conduct demonstrating that [Cheatham County] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." Sweat, 90 F. Supp. 3d at 781 (quoting Savoie v. Martin, 673 F.3d 488, 495 (6th Cir. 2012)). "Alternatively, [Scruggs] could show deliberate indifference through evidence of a single violation of federal rights, accompanied by a showing that [Cheatham County] had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." Campbell v. City of Springboro, Ohio, 700 F.3d 779, 794 (6th Cir. 2012) (citing Plinton v. Cnty. of Summit, 540 F.3d 459, 464 (6th Cir. 2008)).

Here, Scruggs alleges a history of inadequate training of its officers and references two prior incidents involving use of force, with one involving firing guns into people's residence and the other involving deployment of tasers. (Doc. No. 15 ¶ 61). He also alleges that Cheatham County was on notice that Creech was prone to behavioral outbursts. (Id. ¶ 63). Scruggs does not connect any specific training deficiency to this case. Sweat, 90 F.Supp. 3d at 780. In other words, Scruggs has not alleged, a "pattern of similar constitutional violations by untrained employees." Connick v. Thompson, 563 U.S. 51, 62, 131 S.Ct. 1350 (2011). Finally, outside Scruggs's bare assertions, there is no allegation that Cheatham County "created a training regimen so deficient that it was the actual cause of [Creech's] apparently unreasonable decision to" use excessive force

4

to arrest him.  Harvey v. Campbell Cnty., Tenn., 453 F. App'x 557, 568 (6th Cir. 2011) (emphasis in original).  These allegations do not plausibly support a failure-to-train claim.

Scruggs' allegations contrast with the cases he cites.  The court in Brown v. Chapman, 814 F.3d 447, 463–464 (6th Cir. 2016) found that training materials directing a police officer to aim for "almost the entire body of a suspect," rather than to avoid the chest to reduce the risk of fatal injury, were sufficient to satisfy the elements inadequate training. The court in Russo v. City of Cincinnati, 953 F.2d 1036, 1047 (6th Cir. 1992) reversed summary judgment for the municipal defendant because that expert opined on detailed training inadequacies that raised genuine issues of material fact showing deliberate indifference.

Finally, Scruggs does not plausibly allege a custom of unconstitutional conduct.  For Monell liability to attach, Cheatham County's actions must be "so permanent and well settled as to constitute a custom or usage with the force of law[,]" Doe v. Claiborne Cnty., 103 F.3d 495, 507 (6th Cir. 1996) (quoting Monell, 436 U.S. at 691), and "must reflect a course of action deliberately chosen from among various alternatives." Id. (citing City of Oklahoma v. Tuttle, 471 U.S. 808, 823 (1985)).  At most, Scruggs identifies two prior incidents and makes generalized assertions about officer conduct.  (Doc. No. 15 ¶ 61).  He does not allege facts suggesting a longstanding pattern of similar violations or a causal connection between such a pattern and his alleged injury.  Instead, Scruggs asks the court to identify how many incidents take place before a pattern emerges, writing, "Is it two?  Three?  Four?" (Doc. No. 27 at 8).  The cases answer his question.  "[A] plaintiff must show a considerably widespread pattern. . . ." Beard v. Whitmore Lake Sch. Dist., 244 F. App'x 607, 613 (6th Cir. 2007) (holding that allegations of earlier improper searching of student's backpacks and pockets, followed by improper strip searches, did not establish a pattern); see also Sistrunk v. City of Hillview, 545 F.Supp.3d 493, 504 (W.D. Ky. 2021)

5

(collecting cases which hold that mere citations to other lawsuits cannot support a claim under Monell); Beard v. Whitmore Lake Sch. Dist., 244 Fed. Appx. 607, 613 (6th Cir. 2007) (holding that two incidents do not, as a matter of law, establish a widespread pattern of constitutional violations). What is clear is that two allegations, one related to firearms and the other related to tasers, do not demonstrate a "widespread pattern" where alleged strangulation is involved.

Scruggs has failed to plead facts establishing municipal liability under § 1983. Accordingly, Cheatham County's motion to dismiss will be granted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

6